

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0193-13

### MANLEY DEWAYNE JOHNSON, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

**COCHRAN, J., filed a concurring opinion.**

I join the Court's opinion. I write separately only to suggest that if a defendant has

legitimate concerns about the correct imposition or amount of court costs, his issue is best

addressed on direct appeal while he has an attorney and the necessary documents are easily

created, reviewed, and, if necessary, revised. Furthermore, appellate courts may order an

abatement to the trial court to address evidentiary sufficiency or financial ability issues in an

appropriate case.

Thus, if the record does not already contain a bill of costs that lists out the various

mandatory and discretionary assessments, the conscientious attorney will ask for its preparation and inclusion in the appellate record.   He can then review the various components to ensure that each item is, in fact, properly entered[1] and that the total cost is a correct sum of its constituent parts.   In the vast majority of cases that we have recently reviewed, the court costs have been correctly computed and entered, but there have been occasional errors which could be easily repaired if the mistake is pointed out early in the process.   Furthermore, if the appellate attorney gives his client a copy of the itemized bill of costs, the defendant will not be surprised when county officials begin collection efforts under Chapter 103 of the Code of Criminal Procedure.[2]

With these comments, I join the Court's opinion.

Filed: February 26, 2014
Publish

---

[1] Some "mandatory" costs are only for certain types of cases, yet some cost bills have included those "mandatory" costs in other types of cases.

[2] Although a defendant may file a motion requesting a correction of costs under Article 103.008, this procedure is, at best, clumsy and difficult.  As the Court correctly notes, a bill of costs filed with the appellate record "is the most expedient, and therefore, preferable method" of informing the defendant of the court costs assessed and of correcting them if necessary.  Majority op. at 17.